# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Marc Davis

v.

City of Chesapeake

November 20, 2007

Case No. (Civil) CL07-2462

BY JUDGE V. THOMAS FOREHAND, JR.

This matter is before the Court on plaintiff's Verified Petition for Mandamus and Injunctive Relief, requesting: (1) that the Court issue a Writ of Mandamus commanding the City of Chesapeake to disclose to the plaintiff certain information sought as part of plaintiff's Virginia Freedom of Information Act (FOIA) requests to the City; and (2) that the Court issue an injunction against the City from charging plaintiff for his FOIA request of July 23, 2007. The parties have agreed that issues of attorneys' fees will be adjudicated at a later date. The Court heard testimony and arguments of counsel on October 11, 2007; at that time, the Court also reviewed *in camera* the unredacted documents that are at issue in the instant case.

*Facts*

Plaintiff is a reporter for *The Virginian-Pilot* daily newspaper. Plaintiff sent several FOIA requests to the City seeking information regarding general liability claims and automobile claims paid by the City. The City's responses

were incomplete in that they redacted the names of individual claimants on the spreadsheets provided to the plaintiff. On July 23, 2007, plaintiff sent a FOIA request to the City asking for an unredacted copy of the claim spreadsheets. (Pet. Ex. 5.) In a second letter also dated July 23, 2007, plaintiff made a new FOIA request for information regarding claims relating to sewer backups. (Pet. Ex. 6.) The request stated, in part:

> I also would like to review the 24 files relating to the claims received by the city of Chesapeake for damages and costs arising from sewer backups and overflows. I would specifically like to review the actual claims submitted to the city as well as the city's letters of reply to the claimants. I am not requesting the "investigative notes, correspondence, and information furnished in confidence with respect to an investigation plan." My request is for the information in the file relating to the claim and the response and these are not confidential. If you disagree, please advise the reason with specific reference to the Freedom of Information Act.

(Pet. Ex. 6.)

Ms. Dana Sanford, Assistant City Attorney, replied on behalf of the City to plaintiff's two FOIA request letters of July 23, 2007, by letter dated July 27, 2007. (Pet. Ex. 7.) In response to the request for specific names, Ms. Sanford referred plaintiff to their previous correspondence wherein the City denied the plaintiff's request. In response to plaintiff's request regarding the twenty-four claims for sewer backups and overflows, Ms. Sanford provided summaries prepared by Risk Manager Richard Strouse. Ms. Sanford also requested that the plaintiff pay the City of Chesapeake $178.53 for costs incurred to "extract and summarize the information for the claim files." (Pet. Ex. 7.)

There are, in essence, three issues before the Court: (I) whether the names of individual claimants are protected by the Government Data Collection and Dissemination Practices Act; (II) whether the letters requested by plaintiff regarding claims arising from sewer backups and overflows are exempted from FOIA by Va. Code § 2.2-3705.1(9); and (III) whether plaintiff should be required to pay the $178.53 as requested by the City.

I. The general policy of the Virginia Freedom of Information Act (FOIA) is stated in Va. Code § 2.2-3700(B):

All public records shall be available for inspection and copying upon request. All public records and meetings shall be presumed open, unless an exemption is properly invoked. *The provisions of this Chapter [FOIA] shall be liberally construed* to promote an increased awareness by all persons of governmental activities and afford every opportunity to citizens to witness the operations of government. *Any exemption from public access to records or meetings shall be narrowly construed* and no record shall be withheld or meeting closed to the public unless specifically made exempt pursuant to this chapter or other specific provision of law. . . . All public bodies and their officers and employees shall make reasonable efforts to reach an agreement with a requester concerning the production of the records requested.

(Emphasis added.)

Va. Code § 2.2-3704(A) further provides "Except as otherwise specifically provided by law, all public records shall be open to inspection and copying by any citizens of the Commonwealth, representatives of newspapers and magazines with circulation in the Commonwealth, and representatives of radio and television stations broadcasting in or into the Commonwealth." The General Assembly specified in Va. Code 2.2-3713(E) that the burden is upon the public body to prove by a preponderance of the evidence that an exemption to FOIA exists.

The City argues that the names of individual claimants are exempted from FOIA by the Government Data Collection and Dissemination Practices Act (GDCDPA). The GDCDPA (formerly the Privacy Protection Act of 1976) is codified at Virginia Code § 2.2-3800 et seq. "The Government Data Collection and Dissemination Practices Act was enacted in response to concerns over potentially abusive information-gathering practices by the government, including enhanced availability of such personal information through technology. The Act *does not make such personal information confidential* but establishes certain practices which must be followed in the collection, retention, and dissemination of that information." *Carraway v. Hill*, 265 Va. 20, 23, 574 S.E.2d 274, 276 (2003) (quoting *Hinderliter v. Humphries*, 224 Va. 439, 443–44, 447, 297 S.E.2d 684, 686, 688 (1982)) (emphasis added). "The purpose of the Act is to provide standards which a government agency must follow in the operation of personal information systems. To accomplish this purpose, the provisions of the Act impose specific procedures on those agencies." *Id.*; *see* Va. Code § 2.2-3800(B) ("In order to

preserve the rights guaranteed a citizen in a free society, legislation is necessary to establish procedures to govern information systems containing records on individuals.").

By enacting the GDCDPA, the General Assembly "expressly indicated its intent to ensure that agencies of the Commonwealth not maintain secret personal information systems; that personal information collected only be utilized if accurate and current; that citizens be empowered to learn the purpose and the particulars of how personal information is collected by state government agencies about them; and that an uncomplicated procedure be mandated for citizens to correct, erase, or amend inaccurate, obsolete, or irrelevant information about themselves." *McChrystal v. Fairfax County Bd. of Supervisors*, 67 Va. Cir. 171, 183–84 (Fairfax 2005) (citing Va. Code § 2.2-3800(C)(1), (6), and (7)). Clearly, the General Assembly did not intend that the GDCDPA prohibit the disclosure of personal information required to be disclosed under FOIA. *See* 1999 Op. Att'y Gen. Va. 17; 1982–83 Op. Att'y Gen. Va. 727.

The City specifically relies upon Va. Code § 2.2-3803(A)(1) and (A)(5). Code § 2.2-3803(A)(1) provides: "Any agency maintaining an information system that includes personal information shall [c]ollect, maintain, use, and disseminate only that personal information permitted or required by law to be so collected, maintained, used, or disseminated, or necessary to accomplish a proper purpose of the agency." Subsection (A)(5) of Va. Code § 2.2-3803 further provides, in part: "Any agency maintaining an information system that includes personal information shall [m]ake no dissemination to another system without (i) specifying requirements for security and usage including limitations on access thereto, and (ii) receiving reasonable assurances that those requirements and limitations will be observed."

The Court is of the opinion that the City's reliance on Va. Code §§ 2.2-3803(A)(1) and 2.2-3803(A)(5) as an exemption to FOIA in the instant case is misplaced. While FOIA provides that access to records may be limited as "otherwise specifically provided by law," neither subsection of the GDCDPA relied upon by the City contains such an exemption; further, the GDCDPA contains no other exemption that would be applicable to the instant case. Therefore, the Court rules that the City should provide to plaintiff the names of individual claimants as requested in his FOIA request of July 23, 2007.

II. Plaintiff's second FOIA request dated July 23, 2007, requested that the City provide the "actual claims submitted to the city as well as the city's letters of reply to the claimants" regarding twenty-four claims arising from

sewer backups and overflows. The City argues that the "records sought by plaintiff fall within the exemption in Code of Virginia § 2.2-3705.1(9)." (Def. Ans. ¶ 26; Tr. at 63.) Va. Code § 2.2-3705.1(9) provides in part:

> The following records are excluded from the provisions of this chapter but may be disclosed by the custodian in his discretion, except where such disclosure is prohibited by law: (9) Records concerning reserves established in specific claims administered by the Department of the Treasury through its Division of Risk Management as provided in Article 5 (§ 2.2-1832 et seq.) of Chapter 18 of this title, or by any county, city, or town; and investigative notes, *correspondence, and information furnished in confidence with respect to an investigation of a claim* or a potential claim against a public body's insurance policy or self-insurance plan. However, nothing in this subdivision shall prohibit the disclosure of information taken from inactive reports upon expiration of the period of limitations for the filing of a civil suit.

(Emphasis added.)

Plaintiff's FOIA request was specifically and narrowly drawn to request only the "actual claim submitted to the city as well as the city's letters of reply to the claimants." The Court is of the opinion that the records requested by plaintiff are not correspondence furnished in confidence with respect to "an investigation of a claim"; therefore, the Court rules that the records should be provided by the City to the plaintiff as requested.

III. Ms. Sanford, in her letter to plaintiff dated July 27, 2007, requested that plaintiff pay to the City $178.53 for "the costs incurred to extract and summarize the information from the claim files." (Pet. Ex. 7.) Virginia Code § 2.2-3704(F) provides, in part:

> A public body may make *reasonable charges* not to exceed the actual cost incurred in accessing, duplicating, supplying, or searching for the requested records. No public body shall impose any extraneous, intermediary or surplus fees or expenses to recoup the general costs associated with creating or maintaining records or transacting the general business of the public body. Any duplicating fee charged by a public body shall not exceed the actual cost of duplication. . . . All charges for the supplying of requested records shall be estimated in advance at the request of the citizen.

(Emphasis added.)

Subsection (D) of Va. Code § 2.2-3704 further provides that, although a public body is not required to create a new record if the record does not already exist, "a public body may abstract or summarize information *under such terms and conditions as agreed between the requestor and the public body.*" Plaintiff testified at the hearing that he was never advised by the City that he would be charged for his request until after the records, which did not disclose all the information requested, had been provided in the form of a spreadsheet summary. The Court is of the opinion that because the terms and conditions were not agreed between the parties prior to the City's preparation of the spreadsheet summary, the costs requested by the City are not proper.

## Conclusion

The Court rules that the Writ of Mandamus be awarded as prayed for by the plaintiff and that it be duly served upon the City of Chesapeake, directing the City to disclose to the plaintiff the information as requested in plaintiff's two FOIA request letters dated July 23, 2007; the Court further rules that the City be enjoined from charging plaintiff for his requests of July 23, 2007.